UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VERONICA BURGOS,

     Plaintiff,

v.                                     Case No: 6:23-cv-1793-JSS-LHP

HELVEY & ASSOCIATES, INC.,

     Defendant.

_____/

## **ORDER**

Plaintiff Veronica Burgos and Defendant Helvey & Associates, Inc. filed cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Dkts. 28, 29.)  Both parties responded in opposition.  (Dkts. 30, 31.)  For the following reasons, the parties' motions are denied.

## **BACKGROUND**[1]

On October 28, 2022, Defendant was assigned a past-due debt obligation relating to Plaintiff's account as a customer of Duke Energy Florida.  (Dkt. 28-1.)  Defendant is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*  (Dkt. 28-1; Dkt. 28-2.)  On November 2, 2022, Defendant mailed Plaintiff a notice indicating that it was attempting to collect the

---

[1] The following facts are taken from the parties' statements of material facts and supporting materials.

outstanding debt of $640.51.  (Dkt. 28-2.)  Defendant sent Plaintiff another notice dated December 17, 2022.  (Dkt. 28-3.)

On June 26, 2023, Plaintiff reviewed her Experian credit report and noticed the debt reported by Defendant.  Plaintiff called Defendant to inquire about the reported debt.  (Dkt. 29-4.)[2]  During a conversation with Defendant's representative, Plaintiff stated: "I'm calling because this bill is a little bit high.  Was that accurate?  Was the meter correct?"  (*Id.*)  Defendant's representative responded: "So if you don't agree with the balance, we could always put in a dispute on our end and request the itemized statement and see exactly what the balance is made up of, but we do not have that information handy."  (*Id.*)  Plaintiff then responded: "Okay. All right. Well, thank you for your assistance then. That's all I really needed for now. I'll go ahead and conduct further inquiries about this matter independently."  (*Id.*)  Plaintiff did not thereafter request an itemization or make a formal dispute through any additional channels.  (*Id.*; Dkt. 28-4 at 52:1–6.)  Plaintiff checked her Experian credit report again on July 31, 2023, and the report indicated that the balance of the debt reported by Defendant was updated on July 8, 2023, but the report did not indicate that the debt was disputed.  *See* (Dkt. 29-7.)

In her Complaint, Plaintiff asserts one count against Defendant, a debt collector, for violation of the FDCPA, 15 U.S.C. § 1692e(8).  (Dkt. 1 ¶¶ 13–14.)  Plaintiff alleges that Defendant "fail[ed] to disclose to the consumer reporting agencies

---

[2] Defendant also submitted an audio file of the call, which the court has reviewed.  *See* (Dkt. 27.)

that the alleged debt was disputed" and that "publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of [Plaintiff] and caused severe humiliation, emotional distress, mental anguish, and damage to her FICO scores." (*Id.* ¶¶ 12, 15.)  Plaintiff sought actual and statutory damages in her Complaint. (*Id.* ¶ 16.)

Plaintiff now moves for summary judgment as to liability asserting there are no genuine issues of material fact that Defendant violated the FDCPA by failing to disclose that Plaintiff's debt was disputed when it conveyed her credit information to Experian. (Dkt. 29.)  Defendant also moves for summary judgment arguing "Plaintiff failed to communicate any actual dispute or intention to dispute the subject debt" and that "Defendant had no obligation to re-report the subject debt as disputed after it had been reported before Plaintiff's purported dispute." (Dkt. 28.)   Additionally, Defendant claims that it is entitled to judgment in its favor because "any violation of the FDCPA resulted from bona fide error." (*Id.*)  Defendant also argues this matter should be dismissed for lack of standing under Article III because Plaintiff seeks only statutory damages. (*Id.*)  Before the court are the parties' cross motions for summary judgment (Dkts. 28, 29), the parties' responses in opposition (Dkts. 30, 31), and Defendant's reply (Dkt. 32).

## APPLICABLE STANDARDS

Granting summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). A factual dispute is considered "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the [record], which it believes demonstrate the absence of a genuine issue of material fact.'" *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (internal quotations omitted). If the movant shows that no evidence supports the nonmoving party's case, "[t]he burden then shifts to the non- moving party, who must go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citing *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115–17 (11th Cir. 1993)).

In determining whether a genuine dispute of material fact exists, "courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion [and] [a]ll reasonable doubts about the facts should be resolved in favor of the non-movant." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999) (citing *Clemons v. Dougherty Cnty.*, 684 F.2d 1365, 1368–69 (11th Cir. 1982)). "If the record presents disputed issues of fact, the court may not decide them; rather, [it] must deny the motion and proceed to trial." *Jones v. UPS Ground Freight*,

683 F.3d 1283, 1292 (11th Cir. 2012).  Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**ANALYSIS**

**A. Defendant's Motion for Summary Judgment**

    **1. Article III Standing**

"[S]tanding is a necessary component of [a federal court's] jurisdiction to hear 'cases' and 'controversies' under Article III of the Constitution," and must therefore be addressed first. *Am. C.L. Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1190 (11th Cir. 2009) (citing *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1169 (11th Cir. 2006)).  Indeed, a plaintiff's lack of standing implicates the court's subject matter jurisdiction to hear the case at all.  *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991)).  To establish standing to maintain its claims, the plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)).  Plaintiff bears the burden to establish standing to pursue the claims under the FDCPA.  *Id.*

Defendant argues that because Plaintiff has withdrawn any request for actual damages, she lacks standing to sue under the FDCPA. (Dkt. 28.) The FDCPA provides in relevant part that a debt collector that fails to comply with its provisions is liable for "(1) any actual damage sustained by such person as a result of such failure; [and] (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000[.]" 15 U.S.C. § 1692k(a). "This formulation suggests that Congress viewed statutory damages not as an independent font of standing for plaintiffs without traditional injuries, but as an 'additional' remedy for plaintiffs suffering 'actual damage' caused by a statutory violation." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1000 (11th Cir. 2020). Thus, a plaintiff that fails to allege actual damages but seeks only statutory damages may lack standing because a "statutory violation that poses a risk of concrete harm to consumers in general, but not to the individual plaintiff, cannot fairly be described as causing a particularized injury to the plaintiff." *Id.* at 1002; *see, e.g.*, *Ruffin v. Dynamic Recovery Sols., LLC*, No. 5:20-cv-272-OC-30PRL, 2020 WL 6134666, at *3 (M.D. Fla. Oct. 19, 2020) (finding that "a mere violation, without a showing of a concrete and particularized injury, is insufficient to convey standing" and that despite alleging an FDCPA statutory violation, plaintiff was required to allege reliance or actual damages to survive a motion to dismiss); *Guyton v. Abrahamsen Gindin*, LLC, No. 3:21-cv-629-TJC-PDB, 2023 WL 1824652, at *1 (M.D. Fla. Jan. 20, 2023) (The Eleventh Circuit has "reiterated that a statutory violation alone is not enough for standing; plaintiffs

must allege some concrete harm.") (citing *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1242 (11th Cir. 2022)). However, a plaintiff may establish standing to sue for an alleged FDCPA violation where she has experienced emotional distress or actual harm from the defendant's actions. *See Klein v. Receivable Mgmt. Grp., Inc.*, 595 F. Supp. 3d 1183, 1191 (M.D. Fla. 2022) ("A plaintiff suffers a concrete injury when a credit reporting agency violates the Fair Credit Reporting Act by releasing 'untruthful disclosures' about the plaintiff because that new harm is similar enough to the old harm 'at issue in common-law causes of action like defamation or libel per se.'"); *Mraz v. I.C. Sys., Inc.*, No. 2:18-cv-254-FtM-38NPM, 2020 WL 7125629, at *2 (M.D. Fla. Dec. 4, 2020) ("Mraz explained he was 'extremely offended and agitated' by the letter because it was untrue. What is more, he was worried about licensure for his job, which had 'strict reporting requirements' for defaulted debts. And there was the added concern about going 'through the ordeal of clearing everything up.' These were specific, sworn facts supporting the allegations for emotional distress."); *cf. Crowder v. Andreu, Palma, Lavin & Solis*, PLLC, No. 2:19-cv-820-SPC-NPM, 2021 WL 1338767, at *2 (M.D. Fla. Apr. 9, 2021) ("While anybody facing collection likely is afraid, anxious, or stressed, not every FDCPA plaintiff who alleges emotional distress has standing.").

Here, Plaintiff has withdrawn all claims for actual damages, and instead, seeks only statutory damages. (Dkts. 23, 28.) However, Plaintiff attaches to her motion testimony from her deposition, in which she states that she suffered emotional distress

due to Defendant's credit reporting.  (Dkt. 29-3.)  Plaintiff further testified that she received virtual counseling from a psychiatrist approximately six months after receiving the debt notice, that her sleep was disturbed in some manner, and that she experienced some headaches.  (Dkt. 29-3 at 72:2–74:8.)  Plaintiff also attaches her Experian credit report (Dkt. 29-7) which she claims demonstrates the "intangible harm to her reputation and credit score."  (Dkt. 29.)  Because Plaintiff alleges injuries in the form of physical and emotional ailments tied to the "emotional distress" caused by receipt of the debt notice, the court finds that she has standing to assert her claims under the FDCPA.  *See, e.g.*, *Mraz*, 2020 WL 7125629, at *2; *cf. Crowder*, 2021 WL 1338767, at *1 (no jurisdiction over defendant's motion for summary judgment when plaintiff "specifically disclaimed all actual damages" and merely alleged suffering emotional distress without sufficiently pleading and proving another concrete or particularized injury under Article III, and thus lacked injury traceable to the alleged FDCPA violations); *Santiago v. Hunter Warfield, Inc.*, No. 8:20-cv-2823-TPB-JSS, 2021 WL 4894092, at *2 (M.D. Fla. Oct. 20, 2021) (granting defendant's motion for summary judgment on the bona fide error defense and dismissing action for lack of subject matter jurisdiction due to plaintiff's inability to establish evidence of any actual, concrete injury under the FDCPA).

### 2.  Plaintiff's Failure to Dispute the Debt

Defendant argues that it is entitled to summary judgment because "Plaintiff failed to communicate any actual dispute or intention to dispute the subject debt."

(Dkt. 28.)   To succeed on an FDCPA claim, "a plaintiff must show that '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Mraz v. I.C. Sys., Inc.*, No. 2:18-cv-254-FtM-38-NPM, 2019 WL 10784290, at *2 (M.D. Fla. Aug. 7, 2019) (citing *Meyer v. Fay Servicing, LLC*, 2:19-cv-88-FtM-38UAM, 2019 WL 2009378, at *6 (M.D. Fla. May 7, 2019)).   Section 1692(e)(8) of Title 15 prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."   15 U.S.C. § 1692(e)(8); *Delia v. Ditech Fin., LLC*, No. 23-11826, 2023 WL 8018575, at *2 (11th Cir. Nov. 20, 2023) ("Among other things, the FDCPA broadly prohibits a debt collector from using 'any false, deceptive, or misleading representations or means in connection with the collection of any debt.'").

In support of its motion, Defendant cites to the transcript of the conversation between Plaintiff and Defendant's representative to argue that "without an actual dispute lodged by Plaintiff, [Defendant] could not have violated FDCPA Section 1692(e)(8) as Plaintiff claims."  (Dkt. 28.)  However, when considering all evidence in the light most favorable to Plaintiff as the non-moving party, a reasonable jury could find that her communications to Defendant's representative constituted a dispute of

her debt such that Defendant knew or should have known that the debt was disputed. *See* 15 U.S.C. § 1692(e)(8). Specifically, the jury could find that Plaintiff's statements questioning the amount of the debt by stating "[w]as that accurate?" and "[t]his bill is a little bit high" and that she would "investigate . . . independently" indicated that she was disputing the amount of the debt. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007) (On summary judgment, the court must "view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant."); *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003) (the court will not reweigh the evidence or make findings of fact). This is especially true in light of Defendant's account notes from the call indicating that Plaintiff did not "agree" with the balance on her account during the call with the representative. (Dkt. 28-1 at 5.) Indeed, in its response to Plaintiff's motion, Defendant concedes that "[a]t the very least, there exist genuine issues of material fact as to whether Plaintiff disputed the subject debt to Defendant and whether Defendant knew or should have known credit information it communicated to a Credit Reporting Agency ('CRA') was false or that Defendant failed to communicate a 'disputed' debt as 'disputed.'" (Dkt. 30.) As a result, whether Plaintiff did in fact dispute the debt to Defendant's representative is a material fact that is in dispute. Accordingly, Defendant's Motion on this ground is denied.

### 3.  Defendant's Duty to Post-Report Disputes

Defendant also asserts that even if it failed to report a disputed debt, it is entitled to summary judgment because it has proven it was "not obligated to re-report a debt as disputed when it learned of the dispute only after" it was already reported to the credit reporting agency. (Dkt. 28.)  Defendant asserts that because Plaintiff's debt was already being reported prior to her conversation with Defendant's representative on June 26, 2023, Defendant "was not obligated to notify the CRAs of Plaintiff's 'post-report dispute'" and is not subject to liability under the statute.  (*Id.*)  In response, Plaintiff relies on her July 31, 2023 Experian credit report, which indicated that the balance on the account was updated as of July 8, 2023, to argue that Defendant must have had communications with Experian after the debt was disputed.  (Dkt. 29-7); *see also* (Dkt. 29-2 ¶ 6.)  Upon consideration, the court finds that factual issues preclude summary judgment on this ground.

"While the Eleventh Circuit has not weighed in on the issue, persuasive authority uniformly holds that when a debt collector [. . .] learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported."  *Spina v. Quality Asset Recovery, LLC*, No. 8:15-cv-2155-T-TBM, 2017 WL 2799440, at *2 (M.D. Fla. May 26, 2017) (holding the defendant "did not have an affirmative duty to report the debt as disputed" when the defendant reported the debt to the credit reporting agencies in May 2014, and learned of the dispute in October 2014, approximately five months later); *see also Ryals v. Equidata Inc.*, No. 3:16-cv-164-MCR-CJK, 2016 WL

11773423, at *3 (N.D. Fla. Dec. 28, 2016) (finding that § 1692(e)(8) did not apply when the plaintiff did not allege that the defendant made any communications to the credit reporting agencies after she disputed the debt) (citing *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008)).   However, courts have also noted that when a debt collector elects to report to a credit reporting agency after learning of a dispute, the debt collector is under an obligation to inform the credit reporting agency that the debt is disputed.   *See Wilhelm*, 519 F.3d at 418 ("Wilhelm presented no evidence that Credico communicated any credit information to Pinnacle; the summary judgment record consists only of the affidavit by Credico's employee that Credico immediately reported Wilhelm's disputing of the debt to Pinnacle, which if true defeats the claim."); *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1189 (10th Cir. 2013) ("Because it is undisputed CMS never reported to a CRA, it was under no obligation to inform the CRAs the debt was disputed."); *Ryals*, 2016 WL 11773423, at *3 ("In this case, Plaintiff has not alleged that Defendant made any communications to the credit reporting agencies after she disputed the debt. Thus, § 1692e(8) does not apply.").

Plaintiff alleges that she first reviewed her Experian credit report on June 26, 2023, and disputed the debt via telephone that same day.  (Dkt. 1 ¶¶ 7–8, 10; Dkts. 29-2, 29-4.)  Plaintiff asserts that "Defendant has had subsequent communication with the consumer reporting agencies and failed to communicate [Plaintiff's] dispute" because upon reviewing her credit report on July 31, 2023, the report indicated that the balance was updated as of July 8, 2023.  *See* (Dkt. 29-7; Dkt. 29-2 ¶6.)  Thus,

viewing the evidence in a light most favorable to Plaintiff, there exists a dispute of material fact as to whether Defendant communicated with the credit reporting agency after learning that Plaintiff was disputing the debt, and failed to report the debt as disputed after the June 26, 2023 call with Plaintiff. *Cf. Spina*, 2017 WL 2799440, at *3 (granting motion for judgment as a matter of law where "undisputed evidence" indicates that defendant reported the debt before learning that it was disputed and subsequent reporting consisted only of "batch reporting" of the status of the account which did not "communicate credit information"). Accordingly, Defendant's motion for summary judgment on this ground is denied.

### 4. Defendant's Bona Fide Error Defense

Defendant also argues that it is entitled to summary judgment pursuant to the bona fide error defense for debt collectors under the FDCPA. (Dkt. 28 at 21–23); *see also* (Dkt. 9 at 5 (Defendant's answer asserting affirmative defense of FDCPA bona fide error).) Defendant relies generally on nearly 200 pages of its policies and procedures, and on its representative's reading an excerpt of those procedures at deposition and discussing the implementation of those procedures in handling Plaintiff's call. *See* (Dkt. 28-6; Dkt. 28-7 at 12:20–14:9, 17:19–18:10.) Plaintiff responds that the debt was "clearly" disputed in Plaintiff's phone call with Defendant's representative and that although Defendant has produced its procedures, it has failed to establish proper training and implementation of those procedures. (Dkt. 31 at 10–12.)

The FDCPA's bona fide error defense provides that:

> [a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). "A debt collector asserting the bona fide error defense must show by a preponderance of the evidence that its violation of the Act: (1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any such error." *Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1352–53 (11th Cir. 2009) (citing *Johnson v. Riddle*, 443 F.3d 723, 727–28 (10th Cir. 2006)).[3] "The failure to meet any one of those three requirements is fatal to the defense." *Id.*

Upon consideration, the court finds that summary judgment is precluded by genuine issues of material fact as to the third element of Defendant's bona fide error defense.[4] The Eleventh Circuit describes "the procedures component of the bona fide error defense" as "a uniquely fact-bound inquiry susceptible of few broad, generally applicable rules of law." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1273, 1277 (11th Cir.

---

[3] To be a "bona fide error" requires that the debt collector's mistake be "objectively reasonable" and that it was "made in good faith; a genuine mistake, as opposed to a contrived mistake." *Edwards*, 584 F.3d at 1353 (citing *Black's Law Dictionary* 186 (8th ed. 2004) (defining "bona fide" as "1. Made in good faith; without fraud or deceit" and "2. Sincere; genuine")).

[4] Because the court finds that genuine issues of material fact preclude summary judgment on the third element, it does not consider whether Defendant has satisfied the other two elements. *See Edwards*, 584 F.3d at 1354 (Because [defendant[ has failed to meet either of the first two requirements of the bona fide error defense of § 1692k(c), we need not decide whether it also has failed to meet the third one[.]").

2011).  To establish the third element of the defense, a defendant must satisfy two steps.  "The first step is 'whether the debt collector 'maintained'—*i.e.,* actually employed or implemented—procedures to avoid errors.' . . . The second step is 'whether the procedures were 'reasonably adapted' to avoid the specific error at issue.'"  *Id.* at 1274 (citing *Johnson v. Riddle*, 443 F.3d 723, 729 (10th Cir. 2006)).  "In other words, the errors must have occurred despite regular processes that are mechanical or otherwise orderly in nature."  *Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1208 (M.D. Fla. 2015) (citing *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 559 U.S. 573, 587 (2010)).

Defendant relies on its nearly 200 pages of procedures that include instructions for identifying disputes and its dispute investigation process; its compliance management system, including sections on consumer communications and credit reporting under the Fair Credit Reporting Act; reporting guidelines for third party collection agencies; an employee development guide for account specialists within its consumer collections division, which reflects various levels of training and necessary skills; its FDCPA policy; and Consumer Financial Protection Bureau guidance on debt collection for small entities.  (Dkt. 28-6.)  Defendant argues that its representative was following these procedures during the phone call with Plaintiff, and it is thus entitled to a bona fide error defense.  (Dkt. 28.)  However, construing all facts in Plaintiff's favor, whether Defendant properly implemented these procedures and whether they were properly employed by Defendant's representative remains a

question of fact for the jury. *See Marchisio v. Carrington Mortg. Servs., LLC*, 919 F.3d 1288, 1310 (11th Cir. 2019) (reversing district court's granting of summary judgment to defendant on bona fide error defense "to allow the trier of fact to make that determination"). Indeed, Defendant's representative's own notes for Plaintiff's account indicated that Plaintiff did not "agree" with the balance on her account during the June 26, 2023 phone call. (Dkt. 28-1 at 5.)  Further, Defendant recognized in its response to Plaintiff's motion for summary judgment that whether the representative's actions were "adequate or reasonable is a question for a jury." (Dkt. 30.)  Defendant's motion for summary judgment as to its bona fide error defense is therefore denied. *See Hepsen v. Resurgent Cap. Servs., LP*, 383 F. App'x 877, 882 (11th Cir. 2010) (finding the defendant did not satisfy the requirements of the bona fide error defense and that genuine disputes of material fact existed when it failed to show undisputed evidence that it maintained procedures reasonably adapted to avoid violations of the FDCPA); *McCamis v. Servis One, Inc.*, No. 8:16-cv-1130-T-30AEP, 2018 WL 5017941, at *5 (M.D. Fla. Jan. 25, 2018) ("The Court concludes that there are genuine issues of material fact as to whether Defendant's procedures were reasonably adapted to prevent Defendant from violating the FDCPA or FCCPA.  Thus, Defendant may present this defense to the jury at trial."); *Penny v. Williams & Fudge, Inc.*, No. 6:10-cv-452-Orl-DAB, 2011 WL 13298612, at *7 (M.D. Fla. July 22, 2011) (finding that "while [the d]efendant avers that it 'maintains' policies and 'provides training,' and has attached excerpts which, in large measure, mirror the statutory obligations of a collector, there

is no explanation as to what that training entails, or how (or if) those policies are actually implemented" and without more, could not establish its affirmative defense).

### 5. Conclusion as to Defendant's Motion

As discussed above, the court finds genuine issues of material fact preclude summary judgment on each ground raised by Defendant.  Accordingly, Defendant's motion is denied.

## B. Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment as to liability arguing that no reasonable jury could find for Defendant on her FDCPA claim.  (Dkt. 29.)  Plaintiff's arguments largely mirror her opposition to Defendant's motion for summary judgment and she asserts that she has presented sufficient evidence to establish her FDCPA claim and that Defendant's bona fide error defense fails as a matter of law.  (*Id.*)  In support Plaintiff largely relies on the June 26, 2023 call with Defendant's representative and argues that her statements to Defendant's representative "clearly raise[] doubt about or call[] into question the accuracy of the balance" and "[t]his interaction unequivocally constitutes a dispute" of her debt.  (*Id.*)  Upon consideration, the court disagrees.

As discussed above, if Plaintiff in fact disputed the debt in the June 26, 2023 call and Defendant reported the debt as undisputed after the call, Defendant's conduct may have violated the FDCPA.  *See* 15 U.S.C. § 1692e(8) (listing debt collector violative conduct as including "[c]ommunicating or threatening to communicate to any person

credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed"). Viewing the evidence in a light most favorable to Defendant for the purposes of Plaintiff's motion, Defendant has presented sufficient evidence from which a reasonable jury could find that Plaintiff did not dispute the debt during the June 26, 2023 call and Defendant's conduct therefore did not violate the FDCPA. *Cf. Valdes v. LVNV Funding LLC*, No. 6:21-cv-1438-RBD-EJK, 2023 WL 3995303, at *2 (M.D. Fla. Jan. 17, 2023) (granting summary judgment to defendant where "sham declaration is the only evidence [plaintiff] supplies to show the comment was false, there is no genuine dispute on this issue and she cannot establish that [defendant] violated the FDCPA"). For instance, the jury could find that Plaintiff did not dispute the bill and was instead satisfied to learn that Defendant's representative checked on the amount or that Plaintiff's statement that she would investigate the matter independently was not affirmatively disputing the amount or continuing a conversation with the representative. *See* (Dkt. 28-4 at 50:11–52:8); *see Kirkland v. I.C. Sys., Inc.*, No. 6:23-CV-00050-LSC, 2024 WL 2864685, at *4 (N.D. Ala. June 6, 2024) ("A reasonable jury could conclude from this ambiguity either that [plaintiff] disputed 'all debts' held by [defendant] or that she disputed only a single 'debt.' Therefore, a question of material fact exists as to whether [defendant] knew or should have known the . . . account was disputed based on the information in the Dispute Letters. This question precludes summary judgment."). Moreover, as discussed above, fact issues remain for the jury to decide with respect to

Defendant's bona fide error defense.  *See Marchisio*, 919 F.3d at 1310.  Thus, genuine issues of material fact preclude summary judgment in Plaintiff's favor and Plaintiff's motion must be denied.  *See  Gosley v. BCA Fin. Servs., Inc.*, No. 17-62175-CIV, 2018 WL 2006856, at *2 (S.D. Fla. Feb. 7, 2018) ("Drawing all inferences in favor of the non-moving party, as this Court is required to do, neither party is entitled to summary judgment.").

## CONCLUSION

Accordingly, for the reasons stated above:

1. Defendant's Motion for Summary Judgment (Dkt. 28) is **DENIED**.

2. Plaintiff's Motion for Summary Judgment as to Liability (Dkt. 29) is **DENIED**.

   **ORDERED** in Orlando, Florida, on July 22, 2024.


_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE


Copies furnished to:
Counsel of Record

- 19 -